UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR NUNEZ, | ) | CASE NO. 1:12-cv-0903 |
| | ) | |
| Petitioner, | ) | JUDGE LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| BENNIE KELLY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | Doc. No. 7 |

This case is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is respondent's motion to dismiss the petition for a writ of habeas corpus filed on April 13, 2012 by Victor Nunez ("Nunez") pursuant to 28 U.S.C. § 2254. Doc. No. 7. Nunez is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in the cases of *State vs. Nunez*, Case Nos. CR-09-522573-A (Cuyahoga County 2009). For the reasons given below, respondent's motion to dismiss the petition as untimely should be GRANTED.

I

The January 2009 term of the Cuyahoga County grand jury indicted Nunez on five counts of rape, four counts of kidnaping with sexual motivation and sexually violent predator specifications, three counts of intimidation of a crime victim or witness, and one count of aggravated burglary. Nunez pleaded not guilty to the charges in the indictment.

and waived his right to a jury trial with respect to the sexually violent predator specifications.

A jury found Nunez guilty of three counts of rape, two counts of kidnaping with sexual motivation specifications, one count of Intimidation of a victim or witness, and one count of aggravated burglary. The court found him not guilty of the sexually violent predator specifications in the two counts of kidnaping. On August 31, 2009, the court sentenced Nunez to a total of twenty-two years' imprisonment.

On August 12, 2009, the trial court received for filing Nunez's *pro se* "Motion for Retrial Due upon Discovery of New Evidence." In his motion, Nunez presented the following grounds for relief:

1. The attorney was ineffective counsel and withheld important evidence from the jury due to defendant not paying attorney $4,500.00 when defendant already paid $2,000.00.

2. The attorney withheld testimony of witness Antonio Mango, who was willing to testify of Jennifer Legg and defendant was [sic] having consensual sex, and both parties had a mutual friendship.

3. The attorney, Mr. Norton, refused to obtain Joseph Munley's statement, which stated that he knew that the defendant and Jennifer Legg had a close relationship and often visited him [sic] together at his home.

4. The attorney did not show the conflicting reports made by Jennifer Legg and Naomi Smith from the police report and sex crime unit, and what was said in the courtroom. All three statements contradicted each other and showed numerous inconsistencies.

5. Why was the multiple semen withheld from the jury, only producing the defendant's and not showing others?

(Spelling, capitalization, and punctuation altered from the original.) There is no indication that the motion was eventually filed in Nunez's case.

On August 25, 2009, Nunez filed a second motion for a new trial. He asserted four

grounds for relief in his supporting brief:

1. Witness Antonio Mango could not be located until after the trial concluded.

2. Doe gave an expensive gift to her mother, Linda Legg, which may have motivated her to give negative testimony against Nunez.

3. Verizon provided drastically different phone records to Defendant than those provided to the State.

4. Defendant was denied an opportunity to show that he was not necessarily the source of the semen or injury.

Nunez filed the affidavits of Antonio Mango and Nunez's wife, Rachel Nunez, with the motion. On December 7, 2009, the trial court denied Nunez's motion for a new trial.

Nunez timely appealed his judgment and sentence. Nunez asserted five assignments of error on appeal:

FIRST ASSIGNMENT OF ERROR:

The trial court erred in denying appellant's motion for acquittal as to the charges when the state filed to present sufficient evidence against appellant.

SECOND ASSIGNMENT OF ERROR:

Appellant's convictions are against the manifest weight of the evidence.

THIRD ASSIGNMENT OF ERROR:

The trial court erred by not following proper trial procedure.

FOURTH ASSIGNMENT OF ERROR:

Appellant was denied effective assistance of counsel as guaranteed by section 10, article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments.

FIFTH ASSIGNMENT OF ERROR:

The trial court erred in the sentence by improperly denying Appellant visitation with his son.

On November 18, 2010, the state appellate court overruled Nunez's assignments of error. The court, however, noted that the state prison in which Nunez was then held had misconstrued the trial court's order regarding visitation with Nunez's son and remanded the case for the trial court to clarify its order. In addition, the appellate court *sua sponte* held, under a plain error standard, that the trial court had erroneously imposed separate sentences for counts of kidnaping with a sexual motivation and of rape, allied offenses of similar import according to the evidence in Nunez's case. Thus, the appellate court also remanded the case so that the state could elect the charges on which it would proceed so that the court could re-sentence accordingly. On January 12, 2011,[1] the trial court again sentenced Nunez to a total of 22 years' imprisonment.

On March 23, 2011, Nunez filed *pro se* in the state appellate court a motion for leave to file a delayed appeal of his re-sentencing and for appointment of appellate counsel. On April 8, 2011, the state appellate court denied leave to appeal and dismissed Nunez's appeal.

On April 6, 2012, Nunez filed *pro se* in the Ohio Supreme Court a motion for leave to file a delayed appeal of the state appellate court's decision of April 8, 2011. Nunez did not include a brief in support of his motion. On May 23, 2012, the Ohio Supreme Court denied Nunez's motion and dismissed his appeal.

Also on April 6, 2012, Nunez filed *pro se* in the Ohio Supreme Court a motion for leave to file a delayed appeal of the state appellate court's decision of November 18, 2010. Nunez's motion for leave indicated that he intended to assert four propositions of law on

---

[1] The proceeding at which Nunez was sentenced took place on December 28, 2010, but the sentence was not journalized until January 12, 2011.

appeal:

1.  The conviction in this case failed to present sufficient evidence of guilt against the defendant in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

2.  Defendant was denied the effective assistance of counsel as guaranteed by Section 10, Art. I, of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution.

3.  A defendant is denied due process in violation of Section 16, Art. I, of the Ohio Constitution when the trial court fails to follow proper trial procedure.

4.  A defendant's conviction must be supported by the manifest weight of the evidence in accordance with Section 2, 10, and 16, Art. I, of the Ohio Constitution.

(Capitalization altered from the original.) On May 23, 2012, the Ohio Supreme Court denied Nunez's motion and dismissed his appeal.

On April 13, 2012, Nunez filed in this court a petition for a federal writ of habeas corpus. Nunez's petition asserts three grounds for relief:

**Ground one:** The conviction is not supported by sufficient evidence in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

**Ground two:** Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

**Ground three:** Petitioner is actually innocent of the charges and conviction.

Respondent now moves to dismiss Nunez's petition as time barred. Nunez does not oppose respondent's motion.[2]

---

[2] On January 11, 2013, the magistrate judge denied Nunez's motions for appointment of counsel and denied his motion for a continuance. Order, January 11, 2013, Doc. No. 16. The magistrate judge found that the relevant factors in Nunez's case did not support appointment of counsel and that Nunez's justification for a continuance, *viz.* that the law was unsettled as to whether an indigent criminal appellant has a right to a state-appointed attorney for a delayed appeal, was not a correct statement of the law. Nunez did not appeal these rulings to the district court judge.

II

*A. Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Nunez. Nunez filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). Cuyahoga County is within this court's geographic jurisdiction. This court has geographic jurisdiction over Nunez's petition.

*B. Statute of Limitations*

Respondent argues that Nunez's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244 ("§ 2244"), limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could

-6-

have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").

Nunez's grounds for habeas relief were presented to the state appellate court on direct appeal. The state appellate court ordered Nunez re-sentenced. When a state appellate court orders a defendant-appellant re-sentenced, neither conviction nor sentence becomes final for purposes of triggering the start of the one-year statutory period until the defendant-appellant is re-sentenced. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) (holding that for purposes of § 2244, "Final judgment in a criminal case means sentence. The sentence is the judgment") (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). The trial court re-sentenced Nunez on December 28, 2010.

Nunez had 30 days from January 12, 2011, the date of the entry of judgment re-sentencing him, to file a timely direct appeal. Nunez failed to file a timely appeal, and the statutory period for filing a habeas petition began to run on February 13, 2011.[3] The statutory period ran for 38 days until Nunez filed in the state appellate court a motion for a delayed appeal on March 23, 2011. *See, e.g., Applegarth v. Warden*, 2010 WL 1923950, at *2 (6th Cir. May 12, 2010) (finding that a motion in the Ohio state appellate court for a delayed appeal tolls the statutory period for filing a habeas petition). The period began to

---

[3] A state court judgment becomes final when the Supreme Court affirms that judgment, the Supreme Court denies a petition for a writ of certiorari, the time for filing a petition for a writ of certiorari pases, or the time for pursuing direct review in the state courts passes. *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012). As Nunez failed to file a timely direct appeal in the state courts, the statutory period began to run when the time for filing such an appeal passed.

run again on April 9, 2011, the day after the state appellate court denied Nunez's motion.[4] It ran for another 328 days and expired on March 2, 2012.[5] Nunez did not file his habeas petition until April 13, 2012, 42 days after the statutory period had expired.

By the time Nunez filed his April 6, 2012 motion in the Ohio Supreme Court for leave to file a delayed appeal, the statutory period had already expired. While a motion for leave to file a delayed appeal will toll the running of the statutory period, it will not restart a period that has already expired. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).

Nunez does not seek equitable tolling of the statutory period and has not pleaded circumstances which might warrant that rare remedy. Because the AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). "The petitioner bears the burden of demonstrating that he [or she] is entitled to equitable tolling." *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003). In determining whether equitable tolling is appropriate, a court should consider (1) whether the petitioner was diligent in pursuing his rights and (2) whether some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, ___ U.S.___, 130 S. Ct. 2549, 2560-62 ( 2010); *see also Hall v. Warden, Lebanon Correctional*

---

[4] Had Nunez filed in the Ohio Supreme Court a timely notice of appeal of the appellate court's denial of his motion for a delayed appeal, the entire period from the state appellate court's decision through the Ohio Supreme Court's decision would have been tolled. But because Nunez did not file a timely appeal of the denial of his motion for a delayed appeal, only the period from the filing of the motion to its denial tolls the running of the statutory period. *See Applegarth*, 2010 WL 1923950 at *2.

[5] February 2012 had 29 days because 2012 was a leap year.

*Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). Nunez has not pleaded either of the factors relevant to considering equitable tolling. In the absence of such pleading or a request for equitable tolling, equitable tolling is not warranted.

For the reasons given above, Nunez filed his petition for a writ of habeas corpus 42 days after the period for filing such a petition had expired. Nunez's petition is untimely, therefore, pursuant to 28 U.S.C. § 2244(d)(1).

III

For the reasons given above, the court should GRANT respondent's motion to dismiss Nunez's petition for a writ of habeas corpus as untimely.


Date: March 6, 2013                     /s/ *Nancy A. Vecchiarelli*
                                        United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**. *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111**.