# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR NUNEZ, | ) | CASE NO. 1:12CV903 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| JOHN COLEMAN, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") (Doc. No. 31) of the magistrate judge, recommending (1) that respondent's motion to dismiss the petition (Doc. No. 7)[1] be denied, and (2) that respondent be directed to file a supplemental return of writ:[2] (a) construing the petition as including a claim that petitioner was denied effective assistance of counsel on direct appeal from his re-sentencing when the state court failed to appoint him counsel, and (b) addressing both the procedural issues and the merits of the petition. In effect, the R&R is proposing that this case now proceed (although belatedly, due to intervening proceedings) through the usual course of answer and reply under Rule 5 of the Rules Governing Section 2254 Cases. Respondent has filed objections, arguing that the petition should be dismissed because it is time-barred. (Doc. No. 32.) Petitioner also filed his objections/response to the R&R, not actually opposing its conclusions, but reminding the Court of his earlier request to

---

[1] This document, which is a motion to dismiss, is improperly styled as a "Return of Writ."

[2] This will, in fact, be the actual Return of Writ (or, properly, the Answer); however, since Doc. No. 7 was improperly styled as the return, any new filing will need to be styled as a supplement, so as to avoid confusion.

be given leave to fully brief his petition. (Doc. No. 33.) For the reasons set forth briefly herein, all objections are overruled and the recommendation of the magistrate judge is adopted.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.").

After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. DISCUSSION

This is not the first time this petition has come before the Court. In a previous memorandum opinion and order ruling on objections to the first R&R, the Court set forth in detail the procedural background of this case. (*See* Doc. No. 24.) That background need not be repeated here.

As context for this opinion, the Court need only state that, to date, the only substantive issues to be addressed were (1) the timeliness of the petition (in the context of a motion to dismiss), and (2) whether there is any basis for finding in the petitioner a claim of denial of effective assistance of appellate counsel.

In its ruling of February 25, 2014, the Court determined that Nunez's petition had been filed one day late but that, without additional proceedings, no determination could be made

as to whether there was a basis for equitable tolling. In view of the current R&R, the Court now determines that it was mistaken when it stated that the petition was one day late. In previously drawing that conclusion, the Court mistakenly stated that, after accounting for periods of tolling, AEDPA's one-year statute of limitation had expired on April 12, 2012. However, that determination failed to account for the final 47-day period of time from April 7, 2012 to May 23, 2012, during which the Ohio Supreme Court had petitioner's motion for delayed appeal under advisement. When that period of tolling is properly included, petitioner had until May 29, 2012 to timely file his habeas petition; he filed it on April 13, 2012. Therefore, timeliness is no longer an issue.

The second concern of the Court was what appeared to be an inartfully pleaded claim that Nunez had been entirely denied assistance of counsel for purposes of his appeal of his resentencing. The record simply did not provide any evidence either way. Further development of the record before the magistrate judge now suggests that the state court failed to appoint counsel, despite saying it would do so, and petitioner was left to his own devices for pursuit of a delayed direct appeal from his resentencing, a pursuit that was unsuccessful, apparently due to its untimeliness.

Unfortunately, although this case is already more than two years old, and even though legal "conclusions" have been suggested in both the previous R&R and in this Court's own ruling of February 24, 2014, there has yet to be an orderly presentation of arguments by either party with respect to the grounds raised in the petition, including the inartfully pleaded claim of a constitutional denial of appellate counsel for direct appeal of Nunez's resentencing. Nor has there been any definitive ruling by the Court on any of the grounds in the petition.

Therefore, the Court believes the R&R's recommendation to deny respondent's motion to dismiss (Doc. No. 7) and permit full briefing on the petition is appropriate.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that the petition was timely filed under AEDPA and, therefore, respondent's motion to dismiss the petition as untimely (Doc. No. 7) is **DENIED**. Further, the Court refers the case to the magistrate judge for further proceedings, including the filing of an actual return (i.e., an answer, which can be styled as a "Supplemental Return of Writ"), with arguments on the petition, including discussion of procedural default or any other bar to a particular ground (except timeliness), followed by petitioner's reply (sometimes styled as a "Traverse").

**IT IS SO ORDERED**.

Dated: August 29, 2014

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**