UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR NUNEZ, | ) | CASE NO. 1:12CV903 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOHN COLEMAN, Warden, | ) | **AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the third Report and Recommendation ("R&R") (Doc. No. 40) of the magistrate judge, recommending (1) that petitioner's first, second and third grounds for relief be dismissed with prejudice; (2) that the petition be granted with respect to the fourth ground for relief, based on the state trial court's failure to appoint petitioner counsel on appeal from his December 2010 resentencing; and (3) that the case should be remanded to the state appellate court with instructions to: (a) grant petitioner's motion for leave to file a delayed appeal from his December 2010 resentencing, and (b) appoint petitioner counsel on appeal. (*Id.* at 1614.)

The R&R was filed on November 21, 2014. Under 28 U.S.C. § 636(b)(1), any objections to the R&R must be filed within fourteen days of service, and this Court would thereafter be required to conduct a de novo review of any matter to which objection was made.

No objections have been filed by either party. The failure to file written objections to an R&R constitutes a waiver of a de novo determination by the district court of an issue

covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the R&R and is in agreement with its conclusions with respect to each of the four grounds raised in the petition. The Court will, however, modify the relief proposed.

In particular, the Court accepts the recommendation that grounds one, two and three should be dismissed with prejudice. The Court further accepts the recommendation that the petition should be granted with respect to ground four – violation of petitioner's Sixth Amendment right to representation of counsel on his appeal from his resentencing.

As for the appropriate relief, the Court has "broad discretion in conditioning a judgment granting habeas relief." *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987), and should fashion the relief "'as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243). "Conceptually, any habeas remedy should put the defendant back in the position he would have been in if the Sixth Amendment violation never occurred[.]" *Nunes v. Mueller*, 350 F.3d 1045, 1057 (9th Cir. 2003) (internal quotation marks and citation omitted). Further, a federal court "may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Id.* (citing *Rogers v. Richmond,* 365 U.S. 534, 549, 81 S. Ct. 735, 744, 5 L. Ed. 2d 760 (1961); *Dowd v. United States ex rel. Cook,* 340 U.S. 206, 210, 71 S. Ct. 262, 264, 95 L. Ed. 215 (1951); *In re Bonner,* 151 U.S. 242, 261-262, 14 S. Ct. 323, 327, 38 L. Ed. 149 (1894)).

Accordingly, in light of this authority, the Court hereby grants the writ with respect to ground four **on the condition** that Nunez be appointed counsel *and* be granted leave to take a delayed appeal from his December 2010 resentencing, both within 180 days from the date of this order.

Further, the Court concludes that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 31, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**